(No. 4031

JENNALYN GORMAN, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed November 12, 1947.*

VERNON G. BUTZ, for Claimant.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DAMRON, J.

This complaint was filed on June 14, 1947 for an award under the Workmen's Compensation Act, as amended, for the death of Richard Gerald Gorman, the husband of the above named claimant.

The record consists of the complaint, departmental report, statement, brief, and argument of claimant, waiver of statement, brief and argument on behalf of respondent and a stipulation that the report of the Department of Public Welfare shall constitute the record in this case.

The record discloses that Richard Gerald Gorman, had been employed by the respondent as a painter since April 1, 1946. That on May 19, 1947, he with other workmen was painting a tubular fire escape at the Kankakee State Hospital and while so engaged, a clevis, holding "bosuns chair" upon which he was sitting became loosened causing him to fall approximately 35 feet to the ground. He was given first aid treatment at the Kankakee State Hospital but died about three hours, after the accident as a result of his injuries.

The record further discloses that at the time of the accident, which resulted in his death, he left surviving him his dependent widow, the claimant herein but no children under sixteen years of age. The record further discloses that during the year immediately preceding the accident he received a salary from the respondent of $3,408.00 per annum. Under Section 10 (a) of the Workmen's Compensation Act, compensation is computed on the basis of the annual wage, making decedent's average weekly wage $65.28 and his weekly compensation rate would therefore be $18.00 per week.

Upon this record we make the following findings:

That on the 19th day of May 1947, claimant and re-

spondent were operating under the provisions of the Workmen's Compensation Act; that on the date last above mentioned, claimant sustained accidental injuries which arose out of and in the course of his employment from which he died; that notice of said accident was given said respondent and claim for compensation on account thereof was made on said respondent, within the time required by the provisions of Section 24 of said Act; that the earnings of the deceased during the year preceding injury were $3,408.00 and that the average weekly wage was $65.28; that the deceased at the time of the injury was 57 years of age and left surviving him his widow, the above named claimant who was dependent upon him for her support at the time of his death.

Claimant is therefore entitled to an award under Section 7, Par. (a) and (h) of the Workmen's Compensation Act, as amended.

An award is therefore entered in favor of claimant, Jennalyn Gorman, in the sum of Four Thousand Eight Hundred ($4,800.00) Dollars payable to claimant at $18.00 per week. Of this amount the sum of $450.00 has accrued as of November 10, 1947 and is payable forthwith. The remainder of said award amounting to the sum of $4,350.00 is payable to her at $18.00 a week commencing on November 17, 1947 for 241 weeks with the final payment of $12.00.

All future payments being subject to the terms and provisions of the Workmen's Compensation Act, as amended, jurisdiction of this cause is specifically reserved for the entry of such further orders as may from time to time be necessary.

· This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."